IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:09-CR-42 |
| ) | (VARLAN/GUYTON) |
| RICHARD JENKINS, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This case is before the Court on the Defendant's Motion *in Limine* to Exclude Testimony of Fingerprint and Handwriting Experts [Doc. 15], filed on September 22, 2009, and referred [Doc. 18] to the undersigned on September 25, 2009. See 28 U.S.C. § 636(b). The Defendant moves the Court to strike the expert testimony of the Government's fingerprint analyst and handwriting analyst because the Government failed to timely disclose these experts three weeks before trial as required by the Court's Order on Discovery and Scheduling [Doc. 4]. The Government responds [Doc. 17] that the Defendant had notice that it would be using a fingerprint analyst in April 2009 and, thus, the Defendant is not prejudiced by the filing of a Notice of Expert Testimony two weeks before trial. Additionally, it agrees not to call its handwriting analyst, if the matter proceeds to trial on September 30, 2009. On September 28, the Defendant faxed a reply to the Court, contending that he has suffered prejudice by the belated notice of the fingerprint expert because he has not had sufficient time to get his own expert. Moreover, he argues that the fingerprint expert's report, which he attaches as an exhibit to his reply, does not comply with the type of notice required by Rule 16(a)(1)(G).

1

Based upon its review of the record and the parties' filings, the Court finds the following series of events occurred in this case. The Order on Discovery and Scheduling requires that "[u]nless otherwise ordered by the Court, any disclosure of expert information required by Rule 16(a)(1)(G), Fed.R.Cr.P., shall be made by the government at least three (3) weeks before trial." The Government states [Doc. 17] that on April 23, 2009, it sent a discovery letter to the Defendant stating, "If this case goes to trial, an expert will testify as to a comparison of the fingerprints." Discovery provided that same day included two fingerprint cards–one of a thumbprint the Defendant purportedly gave the firearms dealer and the other a "Ten Print" card created when the Defendant was arrested on another matter. The trial of this matter was set to begin on September 15, 2009. On September 14, 2009, the parties were noticed that the trial was continued to September 30, 2009. The Defendant explains that this continuance was due to illness in defense counsel's family.

On September 16, 2009, the Government filed a Notice of Expert Testimony Pursuant to Rule 16 of the Federal Rules of Criminal Procedure [Doc. 14]. The Notice gives the following information:

> <u>Questioned Documents Analysis</u>: SA Carl McClary, Alcohol Tobacco, Firearms and Explosives. Qualifications are attached hereto.
>
> <u>Print Comparison</u>: Michael McMahan, Knox County Sheriff's Office. Qualifications will be sent directly to the defendant [sic] attorney in this matter.

On September 22, the Defendant filed a motion *in limine* objecting to the Government's experts due to their late disclosure and asking to strike them. On September 23, the Government filed a Supplemental Notice of Expert Testimony Pursuant to Rule 16 of the Federal Rules of Criminal Procedure [Doc. 16]. This Supplemental Notice contains a brief summary of the disclosed experts'

expected testimony, attaches Deputy McMahan's qualifications, and states that McMahan's report was provided to the Defendant in supplemental discovery. Also on September 23, the Government filed a response to the Defendant's motion *in limine*, contending that the Defendant had sufficient notice of Deputy McMahan from the April 2009 discovery letter. The Government offers to refrain from calling Special Agent McClary if the trial proceeds on September 30. On the other hand, the Government asks to call both experts if the trial is continued.

> Rule 16 of the Federal Rules of Criminal Procedure provides in pertinent part:
>
>> At the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. . . . . The summary provided under this subparagraph must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.

Fed. R. Crim. P. 16(a)(1)(G). The Advisory Committee Notes to this rule explain that

> the requesting party is entitled to a summary of the expected testimony. This provision is intended to permit more complete pretrial preparation by the requesting party. For example, this should inform the requesting party whether the expert will be providing only background information on a particular issue or whether the witness will actually offer an opinion. In some instances, a generic description of the likely witness and that witness's qualifications may be sufficient, e.g., where a DEA laboratory chemist will testify, but it is not clear which particular chemist will be available.

Fed. R. Crim. P. 16, Advisory Committee Notes (1993 Amendment); United States v. Davis, 514 F.3d 596, 611-12 (6th Cir.), cert. denied, 129 S. Ct. 57 (2008). The Notes emphasize that "perhaps most important, the requesting party is to be provided with a summary of the bases of the expert's opinion." Fed. R. Crim. P. 16, Advisory Committee Notes (1993 Amendment); Davis, 514 F.3d at 612.

3

In the present case, the Court finds that the Government has failed to comply with the expert disclosure required by Rule 16(a)(1)(G) with regard to either its fingerprint analyst or its handwriting analyst. The April 23, 2009 discovery letter, while perhaps giving the Defendant notice that the Government intended to call a fingerprint expert, did not comply with the notice requirements of Rule 16(a)(1)(G) because it did not identify the expert, describe his opinions, give any bases or reasons for those opinions, or identify his qualifications. In other words, there was little, if anything, that the Defendant could do at that point to prepare to meet or to challenge the Government's expert testimony. The Court of Appeals for the Sixth Circuit has held that a general statement of intent to call an expert in a certain field falls well short of the requirements of Rule 16. Davis, 514 F.3d at 612 (holding the government's letter, attached to a laboratory report, stating that if the case went to trial, the government would call a chemist to testify consistently with the report, did not comport with the notice required under Rule 16(a)(1)(G)).

The Government's September 16 Notice likewise falls short of the requirements of Rule 16(a)(1)(G). This Notice identifies the names of the two experts, generally states their field of expertise, and provides McClary's qualifications. It does not provide a summary of their testimony, including a description of their opinions and the reasons therefore, and it only provides the promise of future receipt of McMahan's qualifications.

The Defendant contends that even the Supplemental Notice is insufficient. The Supplemental Notice provides McMahan's qualifications, states that his report has been sent to the Defendant, and gives the following brief summary of his intended testimony:

> Deputy McMahan will testify that he examined the Firearm
> Transaction print card associated with the transaction alleged in the
> Indictment to the "Ten Prints" card associated with a previous arrest
> of the defendant, and concluded that both thumb prints from the

4

> transaction card matched the known thumb prints of the defendant.
> This match was confirmed by peer review. Deputy McMahan based
> his opinion on his training and experience as set forth in the attached
> qualifications.

McMahan's "report," provided by the Defendant as an Exhibit to his faxed reply, provides little additional information, adding only that the fingerprint comparison was requested by ATF Agent Wade Moore and that the peer review was conducted by Officer Brad Park. Finally, the Government states that it still has not provided McClary's handwriting analysis report as of the time of the Supplemental Notice, because it has yet to receive it.

Comparing this case to the facts in Davis, the Court finds that the total notice provided by the Government does not comply with the requirements of Rule 16 (a)(1)(G). In Davis, the notice provided by the government consisted of five pieces of information: (1) a Forensic Chemistry Report by the Tennessee Bureau of Investigation, (2) a letter stating that if the case went to trial, a chemist would testify consistently with the report, (3) a statement in the letter that the chemist's testimony would be based on training and experience, (4) a second laboratory report relating to another count in the indictment, and (5) a Notice of Expert Testimony, describing generally the education and experience of the chemists and stating only the following with regard to the bases for the chemists' opinions: "The findings of each chemist are based upon his/her education, training, experience and scientific tests he/she performed on the substances submitted." Id. at 612. The court found this to be a clear violation of Rule 16(a)(1)(G), because none of the information sufficiently gave the chemists' basis for their laboratory reports. Id. at 612-13. The court concluded that if the defendant had hired his own expert, "he or she would not have been able to analyze the steps that led the government's chemists to their conclusions." Id. at 613.

The instant Defendant makes the same argument in his reply: If he had hired a fingerprint

5

analyst, the expert could not have analyzed the steps that led to the Government's expert's conclusions because those steps are not provided in the April 2009 letter, either Notice, or in the report. Based on the record before it, the Court agrees with the Defendant. Accordingly, the Court finds that the Government has not complied with Rule 16(a)(1)(G) with regard to either expert. Moreover, the notice given violates the Court's Order on Discovery and Scheduling, which requires that the Government's expert disclosures be made three weeks before trial.

Having found that a discovery violation has occurred in this case, the Court turns to the question of the appropriate sanction. Rule 16 provides that "[i]f a party fails to comply with this rule, the court may:"

> (A) order that party to permit the discovery or inspection; specify its time, place, and manner; and prescribe other just terms and conditions;
>
> (B) grant a continuance;
>
> (C) prohibit that party from introducing the undisclosed evidence; or
>
> (D) enter any other order that is just under the circumstances.

Fed. R. Crim. P. 16(d)(2). The Defendant argues that the appropriate remedy in this case is to strike the testimony of both Government experts. The Government contends that the Court should continue the September 30 trial date rather than excluding its experts' testimony because it has not acted in bad faith and the Defendant has not shown he was prejudiced by the delay.

The Court of Appeals has

> identified several factors which should be considered in deciding whether suppression of evidence is an appropriate remedy to be imposed for a discovery violation. These include: (1) the reasons for the government's delay in producing the materials, including whether it acted intentionally or in bad faith; (2) the degree of prejudice, if any, to the defendant; and (3) whether the prejudice to the defendant

6

>      can be cured with a less severe course of action, such as granting a
>      continuance or a recess.

United States v. Maples, 60 F.3d 244, 247 (6th Cir. 1995); see also United States v. Ganier, 468 F.3d 920, 927 (6th Cir. 2006). In making this determination, the Court must keep in mind that "[t]he goal of discovery in criminal trials is to insure a fair and thorough determination of defendant's guilt or innocence. In order to reach this goal, suppression of evidence must be viewed as an undesirable remedy reserved for cases of incurable prejudice or bad faith conduct demanding punishment by the court." Maples, 60 F.3d at 247.

In the present case, the Court has little information on the reason for the Government's belated production of notice, with the exception that the Government does state that it has not provided the report of the handwriting analyst because it has not received it. Nothing in the record suggests that the Government was acting in bad faith in providing the delayed and insufficient notice. The Court also believes that the Defendant has shown that he has been prejudiced by the lack of notice in that he has not had time to obtain his own experts to counter the proposed Government experts. Finally, the Court finds that there is a remedy short of excluding the Government's experts that would cure the effects of the late notice–a continuance of the September 30 trial. The Court finds that a brief continuance following the provision of complete expert disclosure by the Government would correct the problems caused for the Defendant by the belated and insufficient notice.

Accordingly, the Defendant's Motion *in Limine* to Exclude Testimony of Fingerprint and Handwriting Experts [**Doc. 15**] is **GRANTED in part** in that he will not have to face a trial including the Government's proposed experts on September 30, 2009, but is **DENIED in part** in that the experts will not be excluded at this juncture. Instead, the Court **ORDERS** that the parties

appear before the undersigned on **September 30, 2009, at 9:00 a.m.**, at which time the Court will set a new deadline for the Government to provide expert disclosure under Rule 16(a)(1)(G) and will continue the trial upon the Government's motion, as requested in its response [Doc. 17].

**IT IS SO ORDERED.**

ENTER:

　　　s/ H. Bruce Guyton　　
United States Magistrate Judge